**MILLOVICH, Petitioner-Appellant, v. LANGLEY, Sheriff et, Respondents-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3548. Decided March 27, 1953.

Maurice W. Lipscher, Carlyle & Carlyle, Youngstown, for petitioner-appellant.

William A. Ambrose, Pros. Atty., Youngstown, for respondents-appellees.

## OPINION

Per CURIAM.

Petitioner-appellant, called petitioner herein, appealed on questions of law from a judgment of the court of common pleas denying him a writ of habeas corpus, in his action filed in that court against respondents, Sheriff of Mahoning county and Chief of Police of the City of Youngstown, called respondents in this opinion, who held him in custody.

In an affidavit executed by Mary Taliano in the Commonwealth of Pennsylvania she swore that petitioner, whom she later identified positively, and two other men robbed her of $1066.00 as she left a bank in the city of Farrell, Commonwealth of Pennsylvania, about 11:07 A. M. on the 24th day of April, 1952, and she and another respondent witness identified petitioner positively at the hearing in the Common Pleas Court.

Petitioner's automobile was found abandoned at 11:50 A M. the same day on Park Drive in the city of Youngstown, Ohio, about fourteeen miles from the scene of the robbery.

Petitioner was arrested at his home on Halleck Street, Youngstown, Ohio, on the afternoon of the day of the robbery, upon a warrant issued by the Governor of Ohio charging him with being a fugitive from justice of the Commonwealth of Pennsylvania, he having been charged previously with such crime by that state.

By assignments of error petitioner contends:—

"1. The court of common pleas erred in adjudging the warrant issued by the Governor of Ohio sufficient for the deliverance of the petitioner-appellant to the state of Pennsylvania.

"2. The judgment of the court of common pleas in denying the writ of habeas corpus is against the manifest weight of the evidence.

"3. The court of common pleas erred in denying the writ of habeas corpus in that the identity of the petitioner-appellant was not established.

"4. The court of common pleas erred in denying the writ of habeas corpus in that the petitioner-appellant is not charged with an extraditable offense.

"5. The court of common pleas erred in denying the writ of habeas corpus in that petitioner-appellant is not a fugitive from justice.

"6. The court of common pleas erred in denying petitioner-appellant rights guaranteed to him by the Constitution of the United States and the Constitution of the State of Ohio.

"7. And for other errors occurring at the hearing for the writ of habeas corpus appearing upon the face of the record."

By brief counsel for petitioner state:—

"Although seven assignments of error having been specified as a matter of procedural expediency, the controlling issue in the case is: Was the trial court justified in denying the writ of habeas corpus on the quantum of evidence upon which the identification of petitioner-appellant is based?"

Petitioner was clad in pajamas when arrested, and testified he was ill and confined to bed, and stressed the fact that he had a "considerable growth of whiskers" at that time, presumably indicating that he had not shaved recently because of such illness.

There is evidence that at about the time of the commission of the robbery a dry cleaner was at and saw petitioner in his home clad in pajamas and unshaved; that at 12:00 o'clock a woman, who lives at 1144 Market Street, talked with petitioner by telephone at his home, which counsel for petitioner contends support their argument "that it is most unlikely that petitioner-appellant could have been in Farrell, Pennsylvania, and at his home in Youngstown, Ohio, at approximately the same time."

"The trial judge is not obliged to hear and determine whether or not the party charged is guilty of the offense in the sister state but only whether or not the sister state has shown prima facie evidence, and has supported its requisition with proper formalities." **In Re: Sanders, 10 O. O. 1.**

In our opinion, as stated by the state's attorney, "the evidence produced was far more than enough to meet this simple burden placed on the state. The defendant's ultimate rights would in any event be fully protected in the state of Pennsylvania where his guilt must be established beyond the existence of a reasonable doubt."

Having considered all of the errors assigned and finding none prejudicial to petitioner the judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS & NICHOLS, JJ, concur.